## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **BOBBY MALONE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | CIVIL ACTION NO. 5:17-CV-178 (MTT) |
| | ) | |
| **WARNER ROBINS POLICE** | ) | |
| **DEPARTMENT**, *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

On May 8, 2017, Plaintiff Bobby Malone filed a complaint seeking monetary relief and asserting claims "pursuant to 42 U.S.C. SS 1983 and 1988 and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States," and asserting "theft, fraud, conspiracy, negligence, and gross negligence under the laws of the State of Georgia." Doc. 1 at 3, 7.

Malone is suing regarding a $150,000 deposit allegedly made "[o]n the morning of May 13, 1976" into the bank account of B.L.M. Construction Co., which he owned, at First National Bank of Houston County, N.A., predecessor in interest to Bank South, Nations Bank, and, thereby, Defendant Synovus – CB&T Bank (the "Bank"). *Id.* at 4. According to Malone, the amount was not credited to his account. *Id.* Malone allegedly filed complaints with federal officials, but ceased when the Bank threatened to call several business loans. *Id.* at 5. Accordingly, Malone waited to take further action until he had closed all his other accounts with the Bank. *Id.* Apparently this was accomplished by July 24, 1990, when he "presented a check in the amount of $150,000.00 on the B.L.M. Construction Co.[] account." *Id.* He was informed that "the account had been closed," and he accordingly "went to the Warner Robins Police Department and filed an incident report with the Chief of Police concerning alleged theft

of funds." *Id.* The police did not investigate the report. *Id.* On July 12, 1994, Malone tried this again, and was informed on July 15, 1994 that there was no such account at the Bank. *Id.* Malone filed another incident report, this time with the Houston County Sheriff's Department, with the same result. *Id.* at 5.

On March 22, 1995, Malone "obtained legal service of a local attorney to investigate the legality of Bank South . . . action or lack of action concerning the theft of funds, fraud, and conspiracy involving the Warner Robins Police Department and the Houston County Sheriff's Department." *Id.* And on August 24, 1995, Malone "caused a written verified Notice of Claim to be filed with and served upon the proper defendants pursuant to the statute in such cases made and provided," and "more than 30 days have elapsed since the service of such Notice of Claim, and adjustment or payment thereof has been neglected or refused." *Id.* at 7.

There, on August 24, 1995, with Malone's Notice of Claim, this strange tale ends. At least until this May—nearly twenty-two years later—when Malone filed this case.

The Defendants have, unsurprisingly, moved to dismiss on the ground that Malone's claims are barred by the statute of limitations. Docs. 7, 9, 10. In addition, the Court ordered Malone to show cause why his complaint should not be dismissed because of the statute of limitations. Doc. 8 at 2. Malone responded: "My bank account . . . [and] Civil Rights [do] not have a statute of limitations." Doc. 12 at 2; *see also* Docs. 13; 14; 15. This statement is incorrect. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts."); *Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 462 (1975) (explaining that where "there is no specifically stated or otherwise relevant federal statute of limitations for a [civil rights] action . . . , the controlling period would ordinarily be the most appropriate one provided by state law"). "[T]he proper limitations period for all

section 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9-3-33 for personal injuries." *Williams v. City of Atl.*, 794 F.2d 624, 626 (11th Cir. 1986). Malone's state law claims are subject to either a two or four year statute of limitations. O.C.G.A. §§ 9-3-32 (two year statute of limitations on personal injury claims); 9-3-33 (four year statute of limitations on actions regarding personal property).

Malone's claims are accordingly barred by the statute of limitations. The Defendants' motions (Docs. 7, 9, 10) and **GRANTED**, and this case is **DISMISSED without prejudice**.[1]

**SO ORDERED**, this 14th day of June, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1]    "A statute of limitations bar is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint. . . . [A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (quotation marks, original alterations, and citations omitted); *see also Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008)

The Court acknowledges possible tension between Eleventh Circuit authority addressing when a complaint can be dismissed on the basis of an affirmative defense and *Iqbal* and *Twombly*. *See, e.g.*, *Sarris v. Underwood* (*In re Underwood*), 2013 WL 4874341, *3 (Bankr. N.D. Ala.); *compare Tello v. Dean Witter Reynolds*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005), *abrogated on other grounds by Merck & Co., Inc. v. Reynolds*, 559 U.S. 633 (2010), *as recognized by Walter v. Avellino*, 565 F. App'x 464 (11th Cir. 2014), *with Twombly*, 550 U.S. 544. *Tello* states: "[a]t the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that [the plaintiff] can prove no set of facts that toll the statute." 410 F.3d at 1288 n.13 (quotation marks and citation omitted) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, in *Twombly*, the Supreme Court concluded that a complaint must "state a claim to relief that is plausible on its face," refining *Conley*'s "prove no set of facts" standard. 550 U.S. at 570. Subsequently, in two unreported decisions, the Eleventh Circuit quoted *Tello* for the proposition that a complaint is barred by the statute of limitations only if it appears beyond a doubt that the plaintiff "can prove no set of facts" negating its application. *Lindley v. City of Birmingham*, 515 F. App'x 813, 815 (11th Cir. 2013); *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008). To the extent there is any tension between Eleventh Circuit authority and *Iqbal* and *Twombly*, it is not relevant here. Malone's complaint raises decades-old claims. The Court gave Malone an opportunity to show cause why his complaint should not be dismissed, but his sole response was that no statute of limitations is applicable, which is patently wrong.